# ATTACHMENT A

Filed
D.C. Superior Court
12/20/2019 16:15PM
Clerk of the Court

IN THE SUPERIOR COURT OF DISTRICT OF COLUMBIA
CIVIL BRANCH

BRIAN WEBSTER
c/o Michael D. Herman, Esq. & Associates
6801 Kenilworth Avenue, Suite 200
Riverdale Park, Maryland 20737

    *Plaintiff,*

v.

GOVERNMENT OF THE DISTRICT OF COLUMBIA

SERVE ON:

Mayor Muriel Bowser
Civil Litigation Division, Ste 6000 South
441 4th Street, NW
Washington, DC 200001

And

Attorney General Karl Racine
Civil Litigation Division, Ste 6000 South
441 4th Street, NW
Washington, DC 20001

    *Defendant.*

CASE NO. 2019 CA 008349 B

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW the Plaintiff, Brian Webster, by and through his attorney Holly H. Devaser, Esq. and sues the Government of the District of Columbia, Defendant, for monetary damages in recompense for his injuries resulting from Defendant's violation of Plaintiff's Eight Amendment Rights under the United States Constitution and the Civil Rights Act of 1971, as codified at 42 U.S.C. § 1983, for injuries he suffered as a result of Defendant's substantial and deliberate indifference to his health and safety. Plaintiff also states a claim against Defendant for its breach of duty to Plaintiff, which is imposed upon Defendant by D.C. Code § 24-211.02, and by common law. In support of his claims, Plaintiff states:

Michael D. Herman, Esq. &
Associates

Street Address

6801 Kenilworth Avenue,
Suite 200
Riverdale Park, MD 20737
(240) 467-2201
FAX NO. (240) 467-2165

1

## PARTIES

1. Plaintiff, Brian Webster, also known as Bryant Webster (hereinafter "Plaintiff" or "Webster") is an individual residing in the District of Columbia. At all times pertinent to this complaint, Plaintiff was a pre-trial detainee at the District of Columbia Central Detention Facility, 1901 D Street, SE, Washington, DC 20003 ("D.C. Jail").

2. The District Government of the District of Columbia (hereinafter "Defendant" or "District") is a municipal corporation capable of being sued under D.C. Code § 1-102. The District is responsible for supervising and operating the D.C. Deparment of Corrections ("DCDC") and for ensuring the health, safety, and welfare of all inmates held in all such DCDC facilities.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to: D.C. Code § 11-921.

4. Venue is appropriate in this District. Each of the claims for relief arose in this judicial district.

5. Plaintiff timely submitted notice to the D.C. Government of his claims, pursuant to D.C. Code §12-309. *See* Exh. A.

## FACTUAL ALLEGATIONS

6. Webster, at all times pertinent to this complaint, was a pre-trial detainee at the D.C. Jail, and under the custody, supervision, and care of DCDC (DCDC Number is 357123).

7. On or about October 3, 2016, Plaintiff was incarcerated in the D.C. Jail awaiting trial.

8. On or about late November 2018, Webster was viciously attacked and stabbed on his neck several times by inmate Markle Moore ("Moore") in the D.C. Jail

9. On or about December 14, 2018, Webster was again viciously attacked and stabbed by Moore on and about his left mid-arm, left upper shoulder, and left side, requiring stitches. Moore also pushed Webster down the stairs in the housing unit breaking Webster's left arm in three (3) separate places, and requiring extensive surgery to repair his arm.

Michael D. Herman, Esq, & Associates

*Street Address*

6801 Kenilworth Avenue,
Suite 200
Riverdale Park, MD 20737
(240) 467-2201
FAX NO. (240) 467-2165

10. DCDC by and through its officials, management, and employees violated Plaintiff's constitutional rights and breached its duty to Webster by:

    (a) Allowing prisoners to access items which can be easily converted to weapons;

    (b) Failing to properly screen and segregate inmates known to have acted violently in the past;

    (c) Failing to provide sufficient staff at the unit where Webster was housed;

    (d) Failing to follow established safety procedures;

    (e) Failing to provide and follow necessary and appropriate safety measures;

    (f) Failing to develop and implement a classification system and corresponding housing plan for inmates at the D.C. Jail; and

    (g) Failing to provide necessary and appropriate personnel necessary for the safety, welfare, and protection of inmate Webster.

11. After initial emergency treatment in the prison infirmary following the December 14, 2018 incident, Webster was transferred to George Washington Hospital, where he underwent extensive surgery to repair the breaks to his arm.

12. Following the incident on or about December 14, 2018, Plaintiff immediately, within four to seven days following the incident filed a formal grievance pursuant to the DCDC policies for such with Ms. Brown, the Grievance Coordinator, regarding DCDC's violation of its duty to protect Plaintiff and violations of Plaintiff's constitutional rights. Plaintiff did not receive any response to his formal grievance. He followed up by filling two (2) additional formal grievances on the same issues in the following weeks, and still has not received any response to any of those grievances.

13. Following an investigation by Special Investigative Services unit of the prison, inmate Markle Moore was charged with assault with a dangerous weapon.

14. Plaintiff was severely wounded, incurred substantial medical bills, and endured much pain and suffering, and continues to suffer from such pains.

Michael D. Hennan, Esq. & Associates

Street Address

6801 Kenilworth Avenue, Suite 200
Riverdale Park, MD 20737
(240) 467-2201
FAX NO. (240) 467-2165

3

15. Upon information and belief, Inmate Moore was previously involved in other assaults on other inmates at the D.C. Jail, including a stabbing attack by Moore on another inmate known as "Block," in which Moore stabbed Block over two (2) dozen times.

16. Upon information and belief, there have been at least four other separate stabbing incidents of inmates by other inmates in the same cell block, since Plaintiff arrived in the unit in 2016.

## COUNT ONE: NEGLIGENCE
### (ALLOWING ACCESS TO LETHAL WEAPONS)

17. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

18. The Department of Corrections under the general direction and supervision of the Mayor of the District of Columbia is responsible for the safekeeping, care, protection, instruction, and discipline of all persons held in such institutions.

19. On or about late November 2018, Plaintiff Webster, an inmate at the D.C. Jail, was viciously attacked and stabbed by another inmate, Markle Moore, in the D.C. Jail.

20. Again on or about December 14, 2018, Plaintiff Webster was viciously attacked and stabbed by Moore, the same assailant, in the D.C. Jail.

21. Based upon information and belief, Moore was in the custody of the DCDC pursuant to charges of murder in the D.C. Superior Court.

22. The stabbing of Webster by Moore was caused by a failure of the District of Columbia to follow its established safety procedures to protect the Plaintiff in violation of the laws of the Constitution and procedures governing the operation of the D.C. Department of Corrections, and constitutes a breach of the duty owed to Plaintiff.

23. As a result of the stabbings and attacks, Webster suffered serious physical and emotional injury and damages.

## COUNT TWO: NEGLIGENCE
### (NEGLIGENT "DELIBERATE INDIFFERENCE" TO HEALTH AND SAFETY)

24. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

Michael D. Herman, Esq, & Associates

*Street Address*

6801 Kenilworth Avenue,
Suite 200
Riverdale Park, MD 20737
(240) 467-2201
FAX NO. (240) 467-2165

4

25. The agents of the Defendant acted with "deliberate indifference" to the Plaintiff's health and safety.

26. The agents of Defendant knew that Moore had previously attacked Plaintiff, and was a dangerous inmate, and yet failed to take any action to protect Plaintiff from harm, even allowing Moore to walk around the premises without shackles or any type of restraint or special escort.

27. Defendant's failure to take appropriate action resulted in harm to the Plaintiff.

## COUNT THREE: NEGLIGENCE
### (NEGLIGENT FAILURE TO PROVIDE SUFFICIENT STAFF AND NECESSARY AND APPROPRIATE SECURITY MEASURES)

28. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

29. The two separate stabbings and attacks on Plaintiff Webster by Moore on or about late November 2018 and December 14, 2018, were caused by a failure of the District of Columbia to provide necessary and appropriate personnel necessary for the safety, welfare, and protection of Brian Webster, in violation of the laws of the Constitution and procedures governing the operation of the D.C. Department of Corrections, and was a breach of the duty owed to Plaintiff pursuant to D.C. law.

30. As a result of the two (2) violent and vicious attacks by Moore, Plaintiff suffered serious physical and emotional damages.

## COUNT FOUR: EMOTIONAL DISTRESS

31. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32. As a result of the two (2) violent and vicious attacks by Moore, Plaintiff was caused to suffer serious physical and emotional damages.

WHEREFORE, the Plaintiff demands the following judgment against Defendant District of Columbia:

1. For Count One, against Defendant District of Columbia, judgment for compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)

Michael D. Herman, Esq. & Associates

Street Address

6801 Kenilworth Avenue, Suite 200
Riverdale Park, MD 20737
(240) 467-2201
FAX NO. (240) 467-2165

5

and for punitive damages in the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00);

2. For Count Two, against Defendant District of Columbia, judgment for compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and for punitive damages in the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00);

3. For Count Three, against Defendant District of Columbia, judgment for compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and for punitive damages in the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00);

4. For Count One, against Defendant District of Columbia, judgment for compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and for punitive damages in the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00);

5. Reasonable attorney's fees and costs of litigation; and

6. Other relief as the Court deems just and proper.

Date: December 19, 2019

Respectfully Submitted,

MICHAEL D. HERMAN, ESQ. & ASSOCIATES

/s/Holly H. Devaser
Holly H. Devaser, Esq. (DC Bar No. 983024)
6801 Kenilworth Avenue
Suite 200
Riverdale Park, Maryland 20737
240-467-2201
hdevaser@hermanesq.com

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues in this matter so triable.

/s/ Holly H. Devaser
Holly H. Devaser, Esq. (DC Bar No. 983024)

Michael D. Herman, Esq. & Associates

Street Address

6801 Kenilworth Avenue,
Suite 200
Riverdale Park, MD 20737
(240) 467-2201
FAX NO. (240) 467-2165

6

*cert mail*
*1-8-2020*
*mayor copy*
*JW*



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Brian Webster

Plaintiff

vs.

Government of the District of Columbia

Case Number 2019 CA 008349 B

TO BE SERVED ON:
MAYOR MURIEL BOWSER
ATTORNEY GENERAL KARL RACINE

Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Holly H. Devaser
Name of Plaintiff's Attorney

6801 Kenilworth Avenue, Suite 200
Address
Riverdale Park, Maryland 20737
240-467-2201
Telephone

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역이 필요하면, (202) 879-4828   ለትርጉም (202) 879-4828 ይደውሉ

Clerk of the Court
By _____
Deputy Clerk
Date 12/20/2019

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4

ASSOCIATES
6801 Kenilworth Avenue, Ste 200
Riverdale Park, Maryland 20737

GOVERNMENT OF THE DISTRICT
OF COLUMBIA
SERVE ON: MAYOR MURIEL BOWSER
CIVIL LITIGATION DIVISION, ReLoOO, South
441 4th ST, NW
WASHINGTON, DC 20001

7017 0190 0000 4456 7133




NEOPOST
FIRST-CLASS
$007.60



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

*cert mail*
*1-8-20*
*SW*
*mayor copy*

BRIAN WEBSTER
Vs.
GOVERNMENT OF THE DISTRICT OF COLUMBIA

C.A. No.    2019 CA 008349 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge HEIDI M PASICHOW
Date: December 20, 2019
Initial Conference: 9:30 am, Friday, March 20, 2020
Location: Courtroom 516
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Brian Webster

vs

Government of the District of Columbia

Case Number: 2019 CA 008349 B

Date: December 19, 2019

[X] One of the defendants is being sued in their official capacity.

Name: (Please Print) Holly H. Devaser, Esq.
Firm Name: Michael D. Herman, Esq. & Associates, PC
Telephone No.: 240-467-2201
Six digit Unified Bar No.: 983024

Relationship to Lawsuit
[X] Attorney for Plaintiff
[ ] Self (Pro Se)
[ ] Other: _____

TYPE OF CASE: [ ] Non-Jury   [X] 6 Person Jury   [ ] 12 Person Jury
Demand: $ 1,000,000.00   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar #: _____

NATURE OF SUIT:   (Check One Box Only)

**A. CONTRACTS**                          **COLLECTION CASES**

[ ] 01 Breach of Contract
[ ] 02 Breach of Warranty
[ ] 06 Negotiable Instrument
[ ] 07 Personal Property
[ ] 13 Employment Discrimination
[ ] 15 Special Education Fees

[ ] 14 Under $25,000 Pltf. Grants Consent
[ ] 17 OVER $25,000 Pltf. Grants Consent
[ ] 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
[ ] 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
[ ] 28 Motion to Confirm Arbitration Award (Collection Cases Only)

[ ] 16 Under $25,000 Consent Denied
[ ] 18 OVER $25,000 Consent Denied
[ ] 26 Insurance/Subrogation Over $25,000 Consent Denied
[ ] 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

[ ] 01 Automobile
[ ] 02 Conversion
[ ] 07 Shoplifting, D.C. Code § 27-102 (a)
[ ] 03 Destruction of Private Property
[ ] 04 Property Damage
[ ] 05 Trespass

**C. PERSONAL TORTS**

[ ] 01 Abuse of Process
[ ] 02 Alienation of Affection
[ ] 03 Assault and Battery
[ ] 04 Automobile- Personal Injury
[ ] 05 Deceit (Misrepresentation)
[ ] 06 False Accusation
[ ] 07 False Arrest
[ ] 08 Fraud

[ ] 10 Invasion of Privacy
[ ] 11 Libel and Slander
[ ] 12 Malicious Interference
[ ] 13 Malicious Prosecution
[ ] 14 Malpractice Legal
[ ] 15 Malpractice Medical (Including Wrongful Death)
[X] 16 Negligence- (Not Automobile, Not Malpractice)

[ ] 17 Personal Injury- (Not Automobile, Not Malpractice)
[ ] 18 Wrongful Death (Not Malpractice)
[ ] 19 Wrongful Eviction
[ ] 20 Friendly Suit
[ ] 21 Asbestos
[ ] 22 Toxic/Mass Torts
[ ] 23 Tobacco
[ ] 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE   IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Holly H. Devaser, Esq.
Attorney's Signature

_____
December 19, 2019
Date