UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIAN WEBSTER,**<br><br>    Plaintiff,<br><br>        v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>    Defendant. | Civil Action No. 20-300 (JDB) |

## MEMORANDUM OPINION & ORDER

In December 2019, plaintiff Brian Webster brought this action against defendant District of Columbia in D.C. Superior Court, alleging that the District violated his constitutional and statutory rights by failing to protect him from a jailhouse attack in October 2016. The District removed the case to this Court, see Notice of Removal of Civil Action ("Removal Notice") [ECF No. 1] at 1–3, then moved for partial dismissal of Webster's complaint, see Def. District of Columbia's Mot. for Partial Dismissal of Am. Compl. ("Def.'s Mot.") [ECF No. 15-1] at 1. On August 13, 2020, the Court granted the District's motion for partial dismissal and requested supplemental briefing on whether the Court continued to have subject matter jurisdiction over Webster's remaining claims. See Aug. 13 Order [ECF No. 20] at 1. With the benefit of the parties' briefs, and for the following reasons, the Court concludes that remanding this case to D.C. Superior Court is proper.

Federal courts are courts of limited subject matter jurisdiction and can exercise only that authority provided under Article III of the Constitution or granted by federal statute. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). As relevant here, Congress has provided that federal courts have "original jurisdiction" over civil actions "arising under the

1

Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," id. § 1367(a). Federal courts may decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. § 1367(c). If one of the circumstances listed in § 1367(c) applies, then "a federal court should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise [supplemental] jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). But "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise [supplemental] jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n.7.

This is such a "usual case." As clarified by his amended complaint, Webster brought four claims against the District: two counts of negligent and/or reckless "breach of [its] duty" under D.C. law to protect its pretrial detainees, one count of deliberate indifference under 42 U.S.C. § 1983, and one count of "emotional distress" under D.C. law. See Am. Compl. ¶¶ 18–53; see also Pl.'s Suppl. Brief on this Court's Continued Subject Matter Jurisdiction ("Pl.'s Suppl. Br.") [ECF No. 25] at 2 (acknowledging that Webster's emotional distress claim was not based on

federal law). The District removed this case based on Webster's § 1983 claim, see Removal Notice at 2, which the Court subsequently dismissed in its August 13, 2020 Order, see Aug. 13 Order at 1; see also Webster v. District of Columbia, Civil Action No. 20-300 (JDB), 2020 WL 4698436, at *4 (D.D.C. Aug. 13, 2020) ("conclud[ing] that Webster has failed adequately to plead a claim of deliberate indifference to support his § 1983 claim").[1] Thus, only claims under D.C. law remain, and the Court may decline to exercise supplemental jurisdiction, see 28 U.S.C. § 1367(c)(3).

Under present circumstances, remanding this case to D.C. Superior Court is prudent. The only legal questions left are ones of state law, and the Supreme Court has advised that "[n]eedless [federal] decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Likewise, the D.C. Circuit has "repeatedly held that a district court abuses its discretion when it maintains jurisdiction over a removed case presenting unsettled issues of state law after the federal claims have been dismissed." Araya v. JPMorgan Chase Bank, N.A., 775 F.3d 409, 417 (D.C. Cir. 2014); see, e.g., Fin. Gen. Bankshares, Inc. v. Metzger, 680 F.2d 768, 778 (D.C. Cir. 1982) (concluding that a district court "abused its discretion by failing to take into account the uncertainty of state law and by proceeding to trial on the local claims after the dismissal of the federal claims"). This Court has not dug into the novelty of Webster's remaining state-law claims, but the District itself, which initially removed this case and still expresses a "preference" for a federal forum, acknowledges that Webster's claims involve "complex legal issues under [D.C.] law," Def. Dist. of Columbia's Suppl. Brief ("Def.'s Suppl. Br.") [ECF No. 23] at 4–5; see also 28 U.S.C.

---

[1] Webster's amended complaint alludes to violations of his "Fifth and Fourteenth Amendment Rights under the United States Constitution." Am. Compl. at 1. Setting aside the Fourteenth Amendment, the relevant parts of which the Court previously explained are inapplicable in an action against the District of Columbia, see Webster, 2020 WL 4698436, at *2, the Court interprets Webster's reference to the Fifth Amendment to concern only his deliberate indifference claim under § 1983, see id. at *3, and none of the other claims, all of which Webster now concedes are based on D.C. law, see Pl.'s Suppl. Br. at 2, 4–5.

§ 1367(c)(1) (permitting a district court to decline supplemental jurisdiction where "the claim raises a novel or complex question of State law"). Even if not "unsettled" or "novel," see Def.'s Suppl. Br. 3, the remaining claims involve only local law, and the Court sees no reason to wade into complex legal matters better suited for the D.C. Superior Court.

Remand will also promote "judicial economy, convenience, [and] fairness" in the resolution of this case. Cohill, 484 U.S. at 350. Discovery has not begun, thus "the investment of resources has not been so great as to warrant retaining jurisdiction at this stage." Mitchell v. Yates, 402 F. Supp. 2d 222, 235 (D.D.C. 2005); see Def.'s Suppl. Br. at 4–5. Moreover, litigating this case in the D.C. Superior Court will be just as geographically convenient to the parties as keeping the case here, and given that Webster initially filed his case in D.C. Superior Court, fairness weighs in favor of remand now that the District's basis for removal has been eliminated. In sum, all factors point toward the propriety of remand, as both parties acknowledge, even if begrudgingly. See Def.'s Suppl. Br. at 3–5; Pl.'s Suppl. Br. 4–5.

\*   \*   \*

For the foregoing reasons, upon consideration of [23][25] the parties' supplemental briefs in response to this Court's August 13, 2020 Order, and the entire record herein, it is hereby

**ORDERED** that this case is **REMANDED** to the Superior Court of the District of Columbia.
**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: August 31, 2020